UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RACKO PROPERTIES, INC.                    CIVIL ACTION


VERSUS                                    NO: 07-2898


ALABAMA GREAT SOUTHERN R.R.               SECTION: "A" (5)
CO., ET AL.


## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 29)** filed by defendants the Alabama Great Southern Railroad Co. and Norfolk Southern Corporation, and a **Motion in Limine (Rec. Doc. 50)** filed by plaintiff Racko Properties, Inc.  Both motions are opposed.  The motions, set for hearing on March 7, 2008, are before the Court on the briefs without oral argument.  For the reasons that follow, both motions are DENIED.

I.   **BACKGROUND**

Plaintiff Racko Properties, Inc. ("Racko") and defendants The Alabama Great Southern Railroad Co. and Norfolk Southern Corp. (referred to collectively in the singular as "Defendant" or "the Railroad") are parties to a lease that had its advent in

1956.  The lease pertains to a tract of land located near Cortez and Conti streets in New Orleans.  The original lessee built a warehouse facility on the property.  The Railroad owns the land upon which the warehouse sits.  In 1993, Racko purchased its predecessor's interest in the warehouse for $950,000 and over the years has subleased parts of the warehouse to various tenants.  In 2016, when the lease expires, ownership of the warehouse reverts to the Railroad.

This lawsuit arises out of the Railroad's attempt to terminate the lease in early 2007.  The record contains a letter dated February 20, 2007, from the Railroad to Robert Racanelli, Racko's president.  (Rec. Doc. 36, Exh. 4).  In that letter the Railroad advised Racko of certain circumstances which it contended constituted breaches of the lease.  In particular, the Railroad complained of the warehouse being in a state of disrepair and of trash and other litter on the grounds.  (Id.).  Additionally, the Railroad complained that Racko had failed to indemnify it in conjunction with a personal injury claim brought by one of the sublessees on the property.  The Railroad also pointed out that Racko had never obtained its approval for the various subleases as required by the terms of the lease.  (Id.).

The record contains several letters from Racko's attorney to the Railroad's attorney regarding efforts by Racko to remedy any

2

alleged breaches.  The Railroad expressed its dissatisfaction with the efforts that Racko had made.  (Rec. Doc. 36, Exh, 18). According to Racko's counsel the Railroad was making demands that went beyond the requirements of the lease.  (Rec. Doc. 36, Exh. 19).  On March 27, 2007, the Railroad's Director of Real Estate, Steven G. Portnell, authored a letter to Racko from his Atlanta, Georgia office purporting to terminate the lease.  (Rec. Doc. 36, Exh. 1).  The letter was also delivered to Racko's subtenants, one of whom Racko contends withdrew its offer on a long term sublease because of the letter.

Racko filed this suit alleging that the Railroad's conduct violated the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq., and that the Railroad breached the duty of good faith that it owed to Racko under the lease.

The Railroad now moves for summary judgment on all claims. Racko moves in limine to exclude the testimony of the Railroad's expert real estate appraiser.

**II.  DISCUSSION**

**1.   *Motion for Summary Judgment***

The Railroad moves for summary judgment on Racko's Unfair

Trade Practices and Consumer Protection Law ("LUTPA")[1] claim. The Railroad argues that Racko lacks standing under the statute because Racko and the Railroad are not business competitors. Further, even if Racko has standing, according to the Railroad Racko can point to no conduct on the part of the Railroad that would be a violation of the statute.  Finally, the Railroad argues that Racko has no evidence of damages under the statute.

The Railroad also moves for summary judgment on the issue of punitive damages.  According to the Railroad this entire dispute is properly disposed of under Louisiana law which does not allow for punitive damages under the circumstances.

The Railroad also moves for summary judgment on Racko's claim that the Railroad violated its duty of good faith under the lease.

In opposition, Racko contends that all of the Railroad's asserted grounds for terminating the lease were false and that the Railroad did not give Racko a full 30 days to cure any deficiencies as required by the lease.[2]  Racko contends that the Railroad was eager to terminate the lease because the terms of

---

[1] Louisiana Unfair Trade Practices Act

[2] The issue of whether the lease was properly terminated is presented in Racko's Motion for Partial Summary Judgment with Motion in Limine (Rec. Doc. 49), which is being ruled on separately.

the 1956 lease provided a rent of only $942.85 a month whereas the Railroad stood to profit by eliminating Racko and renting directly to tenants.  Additionally, Racko contends that a real estate developer had been interested in acquiring land in the area for a mall project.

Regarding the LUTPA claim, Racko contends the Steven Portnell's deposition alone creates an issue of fact as to whether Racko and the Railroad were competitors.  Racko contends that under Louisiana Civil Code articles 3546 and 3547 it can recover punitive damages.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support

5

the non-moving party's cause," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  <u>Id.</u> (citing Fed. R. Civ. P. 56(e); <u>Matsushita Elec. Indus. Co. v. Zenith Radio</u>, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. <u>Id.</u> (citing <u>SEC v. Recile</u>, 10 F.3d 1093, 1097 (5th Cir. 1993)).

   **a.   <u>LUTPA Claim</u>**

   LUTPA confers a private right of action on "[a]ny person who suffers any ascertainable loss of money . . . as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [section] 51:1405" of the Act.  La. Rev. Stat. Ann. § 51:1409(A) (Supp. 2008). Section 1405 declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful."  La. Rev. Stat. Ann. § 51:1405 (Supp. 2008).  The statute is broadly and subjectively stated without specifying particular violations.  <u>Jarrell v. Carter</u>, 577 So. 2d 120, 123 (1st Cir. 1991) (citing <u>Monroe Med. Clinic, Inc. v. Hosp. Corp. of Am.</u>, 522 So. 2d 1362, 1365 (La. App. 2d Cir. 1988)).  What constitutes an unfair trade practice is determined

by the courts on a case by case basis.  Id. (citing Roustabouts, Inc. v. Hamer, 447 So. 2d 543, 548 (La. App. 1st Cir. 1984)).  A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious.  Id. (citing Roustabouts, 447 So. 2d at 548).

In order to have standing to bring a claim under the LUTPA the plaintiff must demonstrate that he is either a consumer or business competitor.  Tubos de Acero De Mexico v. Am. Int' Invest. Corp., 292 F.3d 471, 480 (5th Cir. 2002).  In order to qualify as a business competitor, the plaintiff must actually or potentially engage in business that competes directly or indirectly with the defendant as a business competitor.  Id.

Racko has put forth sufficient evidence to demonstrate that it has standing to pursue a LUTPA claim against the Railroad as a business competitor.  The Railroad stands to recognize substantially more revenue if it can lease to Racko's tenants directly because the Railroad's rental rates are currently limited by the current lease.  (Rec. Doc. 49, Exh. 11).  Thus, the Railroad is certainly a *potential* competitor with Racko where the warehouse is concerned.  Moreover, the Railroad is no stranger to the business of real estate.  The Railroad owns and leases several tracts of land in the area and the Railroad even

has its own real estate division.  (Rec. Doc. 49, Exh. 7).  The law does not require that Racko and the Railroad compete in the Railroad's primary line of business which is the movement of freight.  The Railroad is simply reading the law with respect to LUTPA standing too narrowly.  The Court finds as a matter of law that Racko has standing to bring a LUTPA claims against the Railroad.

Further, the Court is not persuaded that the Railroad is entitled to summary judgment on the LUTPA claim on any of the other asserted grounds, i.e., that Racko has not alleged any conduct covered by the LUTPA because the Railroad was simply terminating the lease due to breaches and that Racko has no evidence of losses.  If the Railroad did not properly terminate the lease, then the letter to Racko's tenants advising that the lease had terminated might constitute conduct redressable by the LUTPA.  As noted above, the statute does not specifically list the conduct that it proscribes but the trier of fact could find that the letter was "substantially injurious" to Racko's interests.  And if Racko can establish that one of its tenants did in fact withdraw an offer for a long term lease due to the letter, then Racko might very well be able to establish the requisite losses.

In sum, the Railroad's motion for summary judgment on the

8

LUTPA claim is DENIED.

**b.  <u>Punitive Damages</u>**

The Railroad moves for summary judgment on whether Racko can recover punitive damages under either Alabama law or Georgia law. Louisiana Civil Code article 3546 specifically addresses the conflict of law analysis that applies with respect to punitive damages.  Article 3546, entitled Punitive Damages, reads as follows:

> Punitive damages may not be awarded by a court of this state unless authorized:
>
> > (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
> >
> > (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

La. Civ. Code. Ann. art. 3546 (1994).  The resulting injury unarguably occurred in Louisiana whose laws provide no basis for the awarding of punitive damages under the facts of this case. However, the comments to article 3546 explain that the applicability of punitive damages has more to do with the tortfeasor than with the victim.  La. Civ. Code art. 3546 cmt. a. The letter that the Railroad sent to Racko's tenants was prepared

9

and sent by Portnell from Atlanta, Georgia.  Thus, the injurious
conduct occurred in Georgia where Portnell is domiciled.  The
Railroad, on whose behalf Portnell was acting, is a citizen of
Alabama.  Assuming that the laws of Alabama and Georgia provide
for punitive damages, then under subpart (1) above Racko may
recover punitive damages.  The question of whether the facts of
this case warrant such an award is one left for the trier of
fact.  The Railroad's motion for summary judgment as to punitive
damages is DENIED.

      **c.**   **<u>Good Faith Claim</u>**

      The motion for summary judgment on the good faith claim is
DENIED.  The issue of whether the Railroad violated its duty of
faith with respect to the Racko lease is best left to the trier
of fact.

***2.***   ***Motion in Limine***

      Racko moves to exclude the opinion testimony of Hank Tatje,
the Railroad's real estate appraiser.  Racko argues that Tatje is
not qualified to opine that in future years Racko will be able to
find a substitute tenant for the one that allegedly backed out of
the long term lease upon receiving the Railroad's termination
letter.  Racko argues that Tatje also fails to set forth the
basis of his opinion or to estimate any dollar amounts that Racko
will actually receive from a future new tenant.  In sum, Racko

contends that Tatje is qualified only to render opinions about the current value of real estate as opposed to making future economic projections of market demand and future rental value.

In opposition, the Railroad attempts to defend Tatje's qualifications by reiterating his expertise in the field of real estate appraisal and in the real estate business overall.

Although the Court is not persuaded that Tatje's testimony should be excluded altogether, Racko has noted significant weaknesses in Tatje's opinions.  For instance, although Tatje is of the opinion that the property could be rented in the future, his report offers nothing about whether Racko could obtain comparable rents to those it lost in conjunction with the allegedly false termination letter.  Tatje's opinion testimony will be limited to the opinions contained in his report and the Court notes that those opinions are not particularly in depth. Racko will be given wide latitude in cross examining this expert at trial and much of the weaknesses in Tatje's opinions will surely be discernable by the jury.  The motion in limine is DENIED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 29)** filed by defendants the Alabama Great Southern Railroad Co. and Norfolk Southern Corporation is **DENIED**;

11

**IT IS FURTHER ORDERED** that the **Motion in Limine (Rec. Doc. 50)** filed by plaintiff Racko Properties, Inc. is **DENIED.**

March 18, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE